UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK LANGTON,

    Plaintiff,                                        Case No.06-11987

v.                                                HONORABLE DENISE PAGE HOOD

RAFAEL COMBALECER, M.D., et al.,

    Defendants.

_____/

**OPINION & ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendant Patricia Caruso's Motion for Dismissal, filed on July 7, 2006[1] and Defendant Patricia Caruso's, Defendant Janet Olszewski's and Defendant State of Michigan's Motion to Transfer Venue, filed on August 14, 2006. Plaintiff filed a Response in Opposition to Defendant Caruso's Motion for Dismissal on August 11, 2006 and a Response to Defendants' Motion to Transfer Venue on August 14, 2006.

Plaintiff filed the instant matter on April 28, 2006 pursuant to 42 U.S.C. § 1983, alleging that Defendants violated Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment rights, as well as various state law claims of gross negligence, assault and battery, and sexual harassment in violation of MICH. COMP. LAWS . § 37.2101 *et seq*.

---

[1] On October 3, 2006, Defendant Olszewski filed a Concurrence and Joinder in Defendant Caruso's Motion for Dismissal.

1

## II.      STATEMENT OF FACTS

Plaintiff is an inmate currently incarcerated at the Macomb Correctional Facility. Plaintiff has mental health problems that require him to take mood stabilizing, anti-psychotic, and sedative medications. (Pl.'s Compl, ¶ 9) In March 2003, Plaintiff was transferred to the Earnest C. Brooks Correctional Facility in Muskegon, Michigan. (Pl.'s Resp. to Defs' Mot. to Transfer Venue, Ex. C) In 2003, while Plaintiff was incarcerated at the Brooks Correctional Facility, Defendant Combalecer treated Plaintiff for his psychiatric needs. (Pl.'s Compl, ¶ 10) Sometime between May and October 2004, during Plaintiff's treatment session, Defendant Combalecer sexually assaulted Plaintiff by grabbing Plaintiff's genitals and kissing Plaintiff. (Pl.'s Compl, ¶¶ 12, 13) Defendant Combalecer also sent love letters to a residential address in the City of Hamtramck in Wayne County, Michigan where an acquaintance of Plaintiff's resided, who would then deliver the letters to Plaintiff at his place of incarceration.

## III.     APPLICABLE LAW & ANALYSIS

### A.      Defendants' Motion to Transfer Venue

28 U.S.C. § 1404(a) provides, in relevant part:

(a)     For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under this rule, district courts have broad discretion to transfer a case to any judicial district where it may been brought originally. *Amphion, Inc. v. Buckeye Electric Co.*, 285 F. Supp. 2d 943, 947 (E.D. Mich. 2003). 28 U.S.C. § 1391(b) defines proper venue as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions

> giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

To determine whether to transfer a case, district courts should "weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). Specifically, the court should consider:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Helder v. Hitachi Power Tools, Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991). Courts may additionally consider "any factor that may make any eventual trial 'easy, expeditious, and inexpensive.'" *Int'l Car Show Assoc. v. ASCAP*, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992)(quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

In all cases venue must be proper in the transferor and the transferee court under 28 U.S.C. § 1391. Furthermore, the Supreme Court has stated that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum . . . ." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Additionally, the Sixth Circuit has noted that "unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed." *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951)(citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055). Further, at least one court in our circuit has stated that "[i]nconvenience to parties and witnesses is not sufficient in itself to

3

justify, much less require, a transfer. *Holiday Rambler Corp. v. American Motors Corp.*, 254 F. Supp. 137, 139 (W.D. Mich. 1966).

As to the first factor, Defendants argue that transfer of this case to the United States District Court for the Western District of Michigan is proper because all the Defendants are located and reside in the Western District of Michigan. As to the second factor, convenience of the witnesses, Defendants assert that a majority of the witnesses are likewise located and reside in the Western District of Michigan, and as such are beyond this Court's 100-mile subpoena power. Defendants, however, fail to name the witnesses they intend to call for trial. As to the relative ease of access to proof, Defendants assert that the majority of the evidence is located in the western district as the sexual assault of Plaintiff took place at the Earnest C. Brooks Correctional Facility. Additionally, the State Police investigated Plaintiff's claim of sexual assault from its Grand Haven post. Both the place of the assault and the place of investigation are located in Muskegon, Michigan, which is also in the Western District of Michigan.

Plaintiff counters that as to the first factor, convenience of the parties, Plaintiff will be greatly inconvenienced as he will be released from custody in a short while and will not have the necessary financial resources to travel to a trial located in the Western District of Michigan. Additionally, Plaintiff argues that Defendants Caruso's and Olszewski's offices in Lansing are ninety-two miles from this Court, which is roughly twenty-five miles more than the distance between Defendants' offices and the United States District Court for the Western District of Michigan. Plaintiff next argues that Defendants' allegation that the majority of witnesses in this trial are located in the western district is unsupported as Defendants failed to name in their Motion to Transfer Venue any witnesses they intend to call. Plaintiff next argues that presently,

4

five out of the seven witnesses he intends to call at trial all reside in the eastern district of Michigan. As to the third and fourth factors, Plaintiff denies that the events at issue solely took place in the western district as Defendants assert. Plaintiff argues that this matter concerns more than Defendant Combalecer's sexual assault of Plaintiff at the Brooks Correctional Facility. Once Plaintiff was transferred to the Macomb Correctional Facility, Defendant Combalecer proceeded to send Plaintiff explicit, sexual, love letters. These letters were sent to a Mr. Norman Gurski in Detroit, and he delivered them to Plaintiff at the Macomb County Correctional Facility, both locations are within the Eastern District of Michigan. Plaintiff also argues that the police investigation of Defendant Combalecer did not take place in Grand Haven, but in Richmond, Michigan (Pl.'s Resp. to Defs.' Mot. to Transfer Venue, Ex.C). All of the above took place in the eastern district.

Neither party addresses the other factors, but the Court finds that Defendants have failed to demonstrate that the balance of factors favor transfer of venue to the Western district. While it may be more convenient for Defendants to have this matter tried in the Western district, this is insufficient to justify a transfer of this matter to another venue.

**B.   Defendant Caruso's Motion for Dismissal**

Defendant Caruso argues that this action should be dismissed because Plaintiff's Complaint fails to plead and show exhaustion of administrative remedies, and that Plaintiff's state law claims should be dismissed because his federal claims should be dismissed. At the time that Defendant Caruso filed her Motion for Dismissal the law of exhaustion under the Prison Litigation Reform Act, 42 U.S.C. 1997e, as interpreted by the Sixth Circuit Court of Appeals, created, as the United States Supreme Court concluded, insurmountable procedural hurdles for

prisoner-litigants to overcome, procedural hurdles lacking in textual support under the PLRA. *See Jones v. Bock*, – U.S.–; 127 S.Ct. 910 (2007).  Defendant Caruso's Motion rests solely upon Sixth Circuit precedent that is no longer good law, as will be more fully discussed below.  *Id.* Specifically, Defendant Caruso argues that dismissal of this action is proper because of Plaintiff's failure to demonstrate exhaustion in his Complaint and failure to identify all of the named Defendants in the present action, in his original grievances.

First, prior to the *Jones* decision, the Sixth Circuit held that it was the plaintiff's burden to establish exhaustion of administrative remedies. *See Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998).  As such, prisoners were required to declare in the complaint that they had exhausted administrative remedies, by either attaching all of their grievances to it, or if they did not have copies of their grievances, they had to state with specificity the administrative outcome of their grievances.

> [A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

*Knuckles-El v Toombs*, 215 F. 3d 640, 642 (6th Cir. 2000) (quoting *Brown*, 139 F. 3d at 1104). Additionally, the Sixth Circuit held that, "[a] plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim upon which relief may be granted, and his complaint must be dismissed *sua sponte*."  *Baxter v. Rose*, 305 F. 3d 486, 489 (6th Cir. 2002); *See also*, *Knuckles-El*, 215 F. 3d at 642; *Brown*, 139 F. 3d 1104. Further, the Sixth Circuit held that inmates could not amend their complaints to cure pleading defects or "to cure the failure to plead the exhaustion of administrative remedies . . . ." *Baxter*,

305 F. 3d at 487.   The Sixth Circuit also required the prisoner-plaintiff to name in his or her grievance, the defendant who was ultimately sued. *See Curry v. Scott*, 249 F. 3d 493, 504-05 (6th Cir. 2001).

In a recent decision the United States Supreme Court rejected the Sixth Circuit's interpretations of the PLRA's exhaustion provision, finding such interpretations to be lacking in textual support.  *See Jones v. Bock*, – U.S.–; 127 S.Ct. 910 (2007).   The Court held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 921.   The *Jones* court further stated that imposing a pleading requirement on prisoner-plaintiffs could not "be fairly viewed as an interpretation of the PLRA . . . the judge's job is to construe the statute – not to make it better." *Id.*   In regard to the requirement that prisoner-plaintiffs identify in their original grievances each defendant ultimately sued, the *Jones* court likewise found no textual support for such a requirement.  *Id.* at 922. "Here again the lower court's procedural rule lacks a textual basis in the PLRA . . . . nothing in the statute imposes a "name all defendants" requirement along the lines of the Sixth Circuit's judicially created rule." *Id*.

Based upon the above, the Court cannot grant Defendant Caruso's Motion for Dismissal based upon either Plaintiff's failure to plead exhaustion with particularity nor his failure to name all of the Defendants he sued in his original grievances, as these are no longer requirements under the PLRA's exhaustion provision.

**IV.   CONCLUSION**

Accordingly,

IT IS ORDERED that Defendants Caruso, Olszewski and State of Michigan's Joint Motion

7

to Transfer Venue [**Docket No. 12, filed July 28, 2006**] is DENIED.

IT IS FURTHER ORDERED that Defendant Caruso's Motion for Dismissal [**Docket No. 7, filed July 7, 2006**] is DENIED.

DATED: <u>March 26, 2007</u>  <u> /s/ Denise Page Hood </u>
DENISE PAGE HOOD
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2007, by electronic and/or ordinary mail.

<u>S/William F. Lewis</u>
Case Manager