UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK LANGTON,

    Plaintiff,

CASE NO. 06-11987
HONORABLE DENISE PAGE HOOD

v.

RAFAEL COMBALECER, MD;
PATRICIA CARUSO; JANET OLSZEWSKI
and STATE OF MICHIGAN,

    Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS, AND DENYING DEFENDANT CARUSO'S MOTION TO STRIKE

### I.    INTRODUCTION

This matter is before the Court on Defendants' Joint Motion to Dismiss, filed May 17, 2007 [**Docket No. 30**], and Defendant Caruso's Motion to Strike Plaintiff's Supplemental Brief [**Docket No. 44**]. Defendants move this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b) and 42 U.S.C. § 1997e(a), based on Plaintiff's failure to demonstrate exhaustion of administrative remedies.

Defendant Caruso brought a motion to dismiss this action on exhaustion grounds on July 7, 2006. [**Docket No. 7**]. This Court denied that motion after the Supreme Court held in *Jones v. Bock* that inmates are not required to plead and show exhaustion of administrative remedies in their complaint, instead holding failure to exhaust administrative remedies to be an affirmative

1

defense. *Jones v. Bock, et al*, 127 S. Ct. 910 (2007). Defendants have now raised exhaustion as an affirmative defense, claiming Plaintiff has not fully exhausted the internal grievance procedures of the prison prior to the filing of the present action.

## II.   FACTS

Plaintiff Mark Langton is a prisoner who claims that during 2004 and 2005 he was sexually harassed and assaulted by Dr. Rafael Combalecer. Dr. Combalecer, employed by Defendant Michigan Department of Community Health, was convicted of second degree criminal sexual conduct on January 27, 2006. Plaintiff has sued Dr. Combalecer, Patricia Caruso, Janet Olszewski and the State of Michigan under 42 U.S.C. § 1983 and under state law seeking damages.

Prior to filing suit, Plaintiff did not file a grievance complaining about the actions of Dr. Combalecer, Director Caruso or Director Olszewski. On May 4, 2005, Plaintiff "reported that while he was incarcerated at the Brooks Correctional Facility he was sexually assaulted by Dr. Combalecer - psychiatrist." (Docket No. 35, Internal Affairs Invest. Report). Defendants accepted Plaintiff's report and turned the grievance over to Internal Affairs, pursuant to MDOC Policy 03.02.130, to conduct an investigation relating to the alleged sexual misconduct. *Id.* Plaintiff turned over two years of love letters written to him by Dr. Combalecer, and signed a medical authorization permitting Internal Affairs to access his health information. (Docket No. 35, Ex. B, pp. 4-5). The MDOC issued a "Stop Order" effective October 7, 2005, terminating Dr. Combalecer's ability to work in the prison system. (Docket 35, p. 5). On November 8, 2005 the Department of Corrections sustained Plaintiff's complaint that he was sexually assaulted by Defendant Combalecer. (Docket No. 35, Ex. B, p. 12).

2

Plaintiff filed the instant complaint on April 28, 2006. Several months later, on October 4, 2006, Plaintiff filed an internal grievance with the Michigan Department of Corrections ("MDOC") regarding Dr. Combalecer's sexual misconduct. (Aff. James Armstrong). While Plaintiff named Defendants Caruso and Olszewski in the October 4th grievance, the grievance was rejected by the Grievance Coordinator who indicated it was untimely and addressed department wide policy and procedure.

## III. APPLICABLE LAW & ANALYSIS

### A. Motion to Dismiss

Under 42 U.S.C. § 1997e(a) a prison inmate cannot maintain a civil rights action challenging prison conditions if he did not first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). In *Woodford v. Ngo*, the Supreme Court held that exhaustion requires "proper exhaustion," which means that the prisoner must complete the administrative review process in accordance with the procedural rules governing the internal grievance process. *Woodford v. Ngo,* 126 S. C. 2378 (2006). "Proper Exhaustion" is determined by the inmate's compliance with the prison grievance procedures. *Id.* Exhaustion of administrative remedies is a prerequisite to filing a prison lawsuit challenging prison conditions. *Porter v. Nussle*, 534 U.S. 516 (2002). "The plain language of [42 U.S.C. § 1997e(a)] makes exhaustion a precondition to filing an action in federal court." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The applicable MDOC grievance policy, PD 03.02.130, states the MDOC's "Prisoner/Parolee Grievances" standard. The policy directive states, in pertinent part:

> E. Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement which directly affect the grievant. This includes alleged violations of this policy and related procedures. A grievant may not grieve the content of policy or procedure; such grievances shall be

3

> rejected by the grievance coordinator. If a CFA (Correctional Facilities Administration) prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.150 "Prisoner Housing Unit Representatives/Warden's Forum."

PD 03.02.120.

"Exhaustion remains an issue that must be determined before the Court can review the merits of the plaintiff's claims and the remaining defenses raised by the defendants." *Davis v. Kirk*, 2007 U.S. Dist.. LEXIS 15198, 16-17 (D. Tex., 2007). In this case Plaintiff filed his internal grievance on October 4th, 2006, months after Plaintiff had filed suit on April 28, 2006. *Woodford* holds that exhaustion must take place before commencing litigation: "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006). Michigan also has a prison litigation reform act that requires inmates to exhaust all administrative remedies prior to filing a complaint. MCLA 600.5503 provides "(1) A prisoner shall not file an action concerning prison conditions until the prisoner has exhausted all available administrative remedies. . ."

Defendants claim that the Sixth Circuit has held that a police investigation does not constitute exhaustion of the corrections department's administrative remedies. *Freeman v. Francis,* 196 F. 3d 641, (6th Cir. 1999). In *Freeman* the plaintiff similarly did not exhaust the administrative grievance process, but argued that the prison system's use of force committee and the Ohio State Highway Patrol had investigated the alleged assault. The Sixth Circuit held that this was not a proper substitute for exhausting Ohio's administrative grievance process, stating: "...the exhaustion requirement in §1997e(a) is directed at exhausting the prisoner's

administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute." *Id.*

In this case, however, MDOC Policy 03.02.130 provides all grievances alleging sexual misconduct "shall be referred to the Internal Affairs Division for review..." (Docket No. 37, Ex. C, p. 3). Defendants' argument that Plaintiff did not utilize the internal MDOC grievance procedures is disingenuous, as sexual misconduct claims are transferred out of the grievance process to Internal Affairs. The Internal Affairs investigation satisfies the exhaustion requirement.

Plaintiff also argues that the criminal complaint against Dr. Combalecer satisfies the exhaustion requirement with regards to all three defendants. Although the State Police complaint did not specifically raise any issue with respect to either Director Caruso or Director Olszewski, Internal Affairs is required to notify and update the MDOC Director, Defendant Caruso, of the investigation. (Docket No. 37, Ex. D). In *Jones v. Bock*, the Supreme Court held that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievance." *Jones v. Bock,* 127 S. Ct. 910 (2007). The Supreme Court stated that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Id.,* at 923. This Court is satisfied that Defendants Caruso and Olszewski were put on sufficient notice by the Internal Affairs investigation.

    **B.**    <u>**Motion to Strike Supplemental Brief**</u>

On July 25, 2007 Plaintiff filed a Supplemental Brief in Response to Defendants' Motion for Summary Judgment. [Docket No. 43]. Defendant Caruso requests this Court to strike the

5

Supplemental Response, claiming it improper under the Local Rule 7.1(c)(1). Because Defendants did not cite or refer to the *Zsigo* case at issue in their Motion for Summary Judgment, but referenced Zsigo in their reply brief and at oral argument, Plaintiff was not able to address the holding in his response brief. Defendant Caruso is not prejudiced by the brief, and the Motion to Strike the Supplemental Brief is DENIED. Briefing on the Motion for Summary Judgment is closed, and neither side may submit further briefs on the issues.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss [**Docket No. 30**] is DENIED.

IT IS FURTHER ORDERED that Defendant Caruso's Motion to Strike Plaintiff's Supplemental Brief [**Docket No. 44**] is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager