UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK LANGTON,

    Plaintiff,

CASE NO. 06-11987
HONORABLE DENISE PAGE HOOD

v.

RAFAEL COMBALECER, MD;
PATRICIA CARUSO; JANET OLSZEWSKI
and STATE OF MICHIGAN,

    Defendants.

_____/

## OPINION AND GRANTING DEFENDANTS' PATRICIA CARUSO, JANET OLSZEWSKI AND STATE OF MICHIGAN'S MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

This matter is before the Court on Defendants Patricia Caruso, Janet Olszewski and State of Michigan's Motion for Summary Judgment, filed May 17, 2007 [**Docket No. 29**]. Plaintiff filed a Response to the Motion [**Docket No. 37**] June 16, 2007. Defendants filed a Reply to the Response [**Docket No. 41**] June 29, 2007.

Defendants contests that all of Plaintiff's claims against Defendant State of Michigan are barred for reasons of Eleventh Amendment Immunity, state law governmental immunity, and for failure to state a claim. Defendants further claims that Plaintiff's 42 U.S.C. § 1983 claims against Defendants Olszewski and Caruso are barred for reasons of Eleventh Amendment Immunity, lack of personal involvement in the complained of conduct in question, and the inapplicability of the principle of *respondeat superior* to this case.

1

## II.     FACTS

Plaintiff Mark Langton is a prisoner who claims that during 2004 and 2005 he was sexually harassed and assaulted by Dr. Rafael Combalecer.  Dr. Combalecer, employed by Defendant Michigan Department of Community Health, was convicted of second degree criminal sexual conduct on January 27, 2006.  Plaintiff has sued Dr. Combalecer, Patricia Caruso, Janet Olszewski and the State of Michigan under 42 U.S.C. § 1983 and under state law seeking damages.

On May 4, 2005, Plaintiff "reported that while he was incarcerated at the Brooks Correctional Facility he was sexually assaulted by Dr. Combalecer - psychiatrist." (Docket No. 35, Internal Affairs Invest. Report).  Defendants accepted Plaintiff's report and turned the grievance over to Internal Affairs, pursuant to MDOC Policy 03.02.130, to conduct an investigation relating to the alleged sexual misconduct.  *Id.*  Plaintiff turned over two years of love letters written to him by Dr. Combalecer, and signed a medical authorization permitting Internal Affairs to access his health information.  (Docket No. 35, Ex. B, pp. 4-5).  The MDOC issued a "Stop Order" effective October 7, 2005, terminating Dr. Combalecer's ability to work in the prison system. (Docket 35, p. 5).  On November 8, 2005 the Department of Corrections sustained Plaintiff's complaint that he was sexually assaulted by Defendant Combalecer. (Docket No. 35, Ex. B, p. 12).

Plaintiff filed the instant complaint on April 28, 2006.  Several months later, on October 4, 2006, Plaintiff filed an internal grievance with the Michigan Department of Corrections ("MDOC") regarding Dr. Combalecer's sexual misconduct. (Aff. James Armstrong).  The applicable MDOC grievance policy, PD 03.02.130, states the MDOC's "Prisoner/Parolee

Grievances" standard. The policy directive states, in pertinent part:

> E. Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement which directly affect the grievant. This includes alleged violations of this policy and related procedures. A grievant may not grieve the content of policy or procedure; such grievances shall be rejected by the grievance coordinator. If a CFA (Correctional Facilities Administration) prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.150 "Prisoner Housing Unit Representatives/Warden's Forum."

PD 03.02.120.

MDOC Policy 03.02.130 provides all grievances alleging sexual misconduct "shall be referred to the Internal Affairs Division for review..." (Docket No. 37, Ex. C, p. 3). In this Court's March 31, 2008 Order it found that Defendants' argument that Plaintiff did not utilize the internal MDOC grievance procedures was without merit, as sexual misconduct claims are transferred out of the grievance process to Internal Affairs, and the Internal Affairs investigation satisfied the exhaustion requirement. (Docket No. 51).

## III. APPLICABLE LAW & ANALYSIS

### A. **Eleventh Amendment Immunity**

#### 1. **The State of Michigan**

Defendants argue that principles of Eleventh Amendment Immunity bar the present action against the State of Michigan and defendants Olszewski and Caruso in their official capacities.

The Eleventh Amendment to the United States Constitution provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Supreme Court later broadened the Eleventh Amendment's application to suits by

citizens against their own state, and held "The ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court." *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356; 121 S. Ct. 955, (2001).  Plaintiff argues that by enacting the Elliot-Larsen Civil Rights Act ("ELCRA"), where the state waived governmental immunity it has also waived 11th amendment immunity.  Plaintiff cites no case law supporting that proposition.  Waiver of state governmental immunity to allow suit against the state in state court is not synonymous with waiver of Eleventh Amendment Immunity from suit in federal court.  The state has waived its immunity from suit in state court in several instances, including for defective highways, however there is no law holding that this allows claims for defective highways to be brought in federal court. *See* M.C.L. 691.1404.  Similarly, in this case, the State of Michigan has not consented to suit in Federal Court, and is DISMISSED from the present action.

## 2. Defendants Caruso and Olszewski in their Official Capacities

Defendants claim that the federal claims against defendants Caruso and Olszewski in their official capacities should be dismissed for reasons of Eleventh Amendment Immunity as well.  The Eleventh Amendment also bars suit in federal court when the action is "in essence one for the recovery of money from the state [and] the state is the real, substantial party in interest," which is the case when the claimant sues state employees in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  In this case Plaintiff is seeking monetary damages, and the state is a the real, substantial party in interest.  As such, the claims against defendants Olszewski and Caruso in their official capacities are DISMISSED.

## 3. Defendants Caruso and Olszewski in their Individual Capacities

The United States Supreme Court held that governmental officials or employees who are sued in their individual capacities "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights or which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Supreme Court, in *Saucier v. Katz*, enunciated a two-pronged test. First, a court must consider whether the facts of the case, viewed in the light most favorable to the plaintiff, "show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If so, the court must then decide "whether the right was clearly established. *Id.*

The first inquiry is, taken in the light most favorable to the party claiming the injury, whether the facts alleged show the official's conduct violated a constitutional right. *Id.* In this case, as discussed below, there are no facts sufficient to satisfy the first prong of the *Saucier* test. Plaintiff can not establish any facts showing that Director Caruso or Olszewski violated a constitutional right. Where Defendants did not participate in or condone the sexual assault or harassment of Plaintiff, they did not violate any of Plaintiff's Constitutional rights and are therefore immune under the *Saucier* test.

### B. Failure to State a Claim Against Defendants Caruso and Olszewski for §1983 Liability

Plaintiff alleges that defendant Directors failed in their duty to train, supervise, screen, monitor, discipline, and investigate allegations of misconduct by Dr. Combalecer. (Complaint, ¶ 26). Plaintiff's claims against defendants Caruso and Olszewski are based on their alleged supervision of Dr. Combalecer.

Plaintiff's complaint fails to allege the requisite personal involvement of defendants Caruso and Olszewski. To state a claim under § 1983, a plaintiff must allege a violation of a

5

right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42; 108 S.Ct. 2250, (1988). A Plaintiff must make a clear showing that each named Defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode,* 423 U.S. 362 (1976). The nonmoving party must go beyond the pleadings and by affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Moore v. Phillip Morris Companies*, *Inc.,* 8 F.3d 335 (6th Cir. 1993).

Plaintiff has sued Directors Caruso and Olszeswki as supervisory officials. In *Bellamy v. Bradley*, the Sixth Circuit stated "§ 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For liability to attach to supervisory personnel, a Plaintiff must show more than having brought offending conduct to the attention of supervisory officials:

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a §1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Id.* at 421.

Bringing a complaint to the attention of supervisory officials is insufficient, and does not provide a basis for §1983 liability. *See Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D.Mich., 1989). Liability under §1983 must be based on active unconstitutional behavior, and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F. 3d 295, 300 (6th Cir. 1999). The *Shehee* court held that unless the supervisor encouraged the specific act of misconduct, or directly participated in it, the supervisor is not liable. *Id.* at 300. In this case, neither defendant

6

Caruso or Olszewski had sufficient prior knowledge of Dr. Combalecer's misconduct, and Dr. Combalecer was terminated upon the Internal Affairs findings of misconduct. After defendant Caruso first learned of Plaintiff's allegations she signed the Internal Affairs Division Case Review Form, and took active steps to discharge Dr. Combalecer from State employment.

Plaintiff claims that defendants Caruso and Olszewski are liable for failure to train, based on policy, custom, or practice. "Failure to train liability, however, attaches to a municipality rather than an individual defendant." *Caldwell v. Moore*, 968 F. 2d 595, 600 (6th Cir. 1992). In *Shehee v. Luttrell*, the court stated:

> This court has held that §1983 liability must be based on more than respondeat superior, or the right to control employees. *See Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.

*Shehee v. Luttrell,* 199 F.3d 295, 200 (6th Cir. 1999). This Court finds that neither defendant Caruso or Olszewski actively participated in or authorized any harassment or misconduct by Dr. Combalecer, and §1983 liability may not be properly imposed upon them.

### C. State Law Claims

28 U.S.C. §1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). Once a court has dismissed a plaintiff's federal claim, the court must exercise its discretion on whether to exert its supplemental jurisdiction under §1367. Courts are to consider factors of judicial economy, convenience, fairness to litigants, and comity. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966). However, when "federal law claims

are eliminated before trial, the balance of these factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wright v. Associated ins. Cos., Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994).

Plaintiff argues that permitting Plaintiff's ELCRA claim to be litigated before this court will be consistent with this Court's ruling in *McCoy v. State of Michigan*, where Plaintiff filed suit against the State of Michigan alleging violations under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e), the 14th Amendment via 42 U.S.C. §1983, and Michigan's Elliot Larsen Civil Rights Act (M.C.L. 37.2201).*McCoy v. State of Michigan*, 2007 U.S. Dist. LEXIS 26658. In *McCoy,* this Court ruled the Eleventh Amendment barred only Plaintiff's §1983 claims against the state and the individual state employees in their official capacities. This case differs significantly from *McCoy* in that *McCoy* still had federal claims to be decided after dismissal of the §1983 claims (the 14th Amendment Equal Protection as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq). *Id* at 4. In this case, no such federal claim remains, and only the state law claims remain to be adjudicated.

Plaintiff requests this Court invoke its supplemental jurisdiction powers to review his state law claims. The Sixth Circuit held in *Manchester v. Lewis that* "jurisdiction cannot be conferred on the federal courts by the procedural device of filing an unsubstantial action under §1983 and relying on the doctrine of pendent jurisdiction." *Manchester v. Lewis,* 507 F.2d 289, 291 (6th Cir. 1974). Since Plaintiff's federal claims fail, this Court declines to exercise its pendent jurisdiction to entertain Plaintiff's state law claims, and they are DISMISSED.

IV.     CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment [**Docket No. 29**] is GRANTED.

IT IS FURTHER ORDERED that Defendants The State of Michigan, Caruso, and Olszewski, in both their official and individual capacities, are **DISMISSED** from this case

                                                       S/Denise Page Hood
                                                       Denise Page Hood
                                                       United States District Judge

Dated: April 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2008, by electronic and/or ordinary mail.

                                                         S/William F. Lewis
                                                       Case Manager